In re Arthur M. REYNOLDS, Jr., Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–BG–1492.

District of Columbia Court of Appeals.

Submitted Nov. 9, 1993.

Decided Nov. 7, 1994.

Leonard H. Becker, Bar Counsel, Washington, DC, with whom Michael S. Frisch, Asst. Bar Counsel, was on the brief, for the Office of Bar Counsel.

Arthur M. Reynolds, Jr., pro se.

Before TERRY, FARRELL and SULLIVAN, Associate Judges.

Opinion for the court PER CURIAM.

Concurring opinion by Judge FARRELL, with whom TERRY, Associate Judge, joins, at page 3.

Separate statement by Judge SULLIVAN at page ——.

PER CURIAM:

This disciplinary matter is before the court on the report and recommendation of the Board on Professional Responsibility (the Board), to which respondent and Bar Counsel concur, that the reciprocal case against appellant should be dismissed. The factual and procedural history of this matter are set forth in the Report and Recommendation of the Board, which we incorporate by reference and attach hereto as an appendix. Three members of the Board dissented in a separate opinion which is also attached.

We review the Board's recommendation in accordance with D.C.App.R. XI, § 9(g) (1993), which provides, in part, as follows:

the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.

*Id.* *See also In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987). Substantially for the reasons set forth in the report, we conclude that the Board's findings are supported by substantial evidence in the record and that the Board's recommendation is appropriate. Accordingly, the disciplinary proceedings commenced against Arthur M. Reynolds, Jr. are hereby dismissed.

*So ordered.*

FARRELL, Associate Judge, with whom TERRY, Associate Judge, joins, concurring:

As this case comes to us, the only issue is whether respondent's violation of his probation is conduct prejudicial to the administration of justice under former DR 1–102(A)(5). Before us is no question whether respondent's admitted illegal drug use during probation (which resulted in revocation) is independent grounds for discipline. In recommending against imposition of discipline, Bar Counsel concluded:

[P]recedents in this jurisdiction indicate that illegal drug use, standing alone, does not constitute illegal conduct involving moral turpitude [under former DR 1–102(A)(3) ("illegal conduct involving moral turpitude that adversely reflects on [a lawyer's] fitness to practice law") ]. Thus, in order to sustain a discipline prosecution, we would have to demonstrate that [respondent's] conduct in violating probation constitutes conduct prejudicial to the administration of justice.

Both Bar Counsel and the majority of the Board on Professional Responsibility found, and the division of this court agrees, that violation of probation in and of itself is not conduct prejudicial to the administration of justice within the meaning of DR 1–102(A)(5). *See, e.g., In re Shorter,* 570 A.2d 760, 768 (D.C.1990). It seems apparent also that it does not violate Rule 8.4(d) of the now-governing District of Columbia Rules of Professional Conduct (unethical to "[e]ngage in conduct that seriously interferes with the administration of justice").

This case does not call upon us to decide, however, whether respondent's unlawful drug use violated new Rule 8.4(b), making it misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." As Bar Counsel pointed out, most of respondent's drug use resulting in the probation revocation took place before the effective date of the Rules of Professional Conduct, January 1, 1991. I write only to observe that in the future a case such as this may well justify discipline. Rule 8.4(b) purposely deletes the qualification "moral turpitude" on illegal conduct that adversely affects a lawyer's fitness to practice law and thus subjects him to discipline. The focus now, as the Comment to the rule explains, is on whether the offense "indicate[s] lack of those characteristics relevant to law practice," and "[a] pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." Respondent's joint petition consenting to discipline in Maryland (in the form of a practice monitor) admitted that his "use of cocaine had interfered with his obligations to the Court on

behalf of clients, including appearances before the courts in the District of Columbia." This, along with Bar Counsel's notation that the drug use in question extended over a three-month period, clearly suggests a "pattern of repeated offenses" within the ambit of Rule 8.4(b). In future cases, such repeated illegal use of drugs affecting a lawyer's fitness to practice law may well result in discipline without regard to whether it involved "moral turpitude."

SULLIVAN, Associate Judge, separate statement:

I respectfully decline to join the concurring opinion of my colleague, Judge Farrell. Rather than attempt to prognosticate with respect to future decisions of the court, I join the PER CURIAM decision to resolve the sole issue confronting the court today.

APPENDIX

DISTRICT OF COLUMBIA
COURT OF APPEALS

BOARD ON PROFESSIONAL
RESPONSIBILITY

In re Confidential.

Bar Docket No. 499–92

REPORT AND RECOMMENDATION
OF THE BOARD ON PROFESSIONAL
RESPONSIBILITY

The license to practice law in the District of Columbia is a continuing proclamation by ... [the District of Columbia Court of Appeals] that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and an officer of the court.

D.C.Bar Rule XI § 2(a).

This Board as a part of the disciplinary system in this jurisdiction recommends discipline to the D.C.Court of Appeals related to the actions or inactions of attorneys under the jurisdiction of the Court. Yet, before this Board can make such a recommendation,

there is a condition precedent: We must find there has been some misconduct in order for the system to impact upon the respondent's ability to practice law.

The legal profession is not immune to the ravages of drug addiction and this case clearly demonstrates that point. When faced with a potential health problem, this Board can, of course, suspend an attorney through a procedure which questions the lawyer's capacity to practice law. However, in the present case we are not talking about a determination that Respondent is physically or mentally unable to practice law. See, D.C.Bar Rule XI § 13 (Incompetent and incapacitated attorneys). Instead, this Board has before it a reciprocal discipline case premised upon an Order of the Court of Appeals of Maryland, acting on a joint petition filed by Respondent and the Maryland Bar Counsel, imposing sanctions upon Respondent. However, it is unclear to this Board which actions of Respondent constitute misconduct under a specific provision of the Code of Professional Responsibility in effect at the time of Respondent's actions.[1] While this Board is troubled by the actions and inactions of Respondent and is gravely concerned for what appears to be setbacks during the process of recovery from his addiction, we find there is no misconduct and recommend to the District of Columbia Court of Appeals that the case be dismissed.

In late 1989 or early 1990, Respondent was held in criminal contempt for his failure to appear before Judge Huhn of the Superior Court of the District of Columbia. Near in time, Respondent also failed to appear before Judge John H. Pratt of the United States District Court for the District of Columbia. Respondent admitted that his failures to appear were related to his abuse of controlled substances. Each judge entered orders holding Respondent in contempt. Judge Huhn placed Respondent on probation with the requirement that he complete a substance abuse program, participate in drug counseling and take part in judicial counseling with the Honorable Paul R. Webber, III of the Superior Court of the District of Columbia.

1. Effective January 1, 1991, the Code of Professional Responsibility was rescinded and replaced with the Rules of Professional Conduct Applicable to Members of the District of Columbia Bar.

On a parallel track, this disciplinary system found Respondent's failure to appear, which was the basis for the contempt citation, to be misconduct in violation of DR 1–102(A)(5) (conduct prejudicial to the administration of justice). On February 6, 1990, Bar Counsel issued a letter to Respondent constituting an informal admonition. D.C.Bar Rule XI §§ 3(a)(5), 6(a)(2), and 8(a) and (b). Thus, Respondent was disciplined for the transgression underlying the probation: his failure to appear for a scheduled court hearing. Bar Counsel's letter of admonition cautioned Respondent that the office would monitor Respondent's actions during probation and "[s]hould there be any relapses on drug use, we will reconsider our decision with respect to pursuing the suspension based upon disability."

Subsequently, Respondent tested positive for controlled substances and entered an inpatient rehabilitation program but left. On December 3, 1990, Judge Huhn found Respondent had violated his probation by testing positive for cocaine use, revoked his probation and sentenced him to six months.

Bar Counsel investigated the circumstances surrounding Judge Huhn's probation violation order. On June 11, 1991, Bar Counsel wrote Respondent concluding:

> Thus, in order to sustain a disciplinary prosecution, we would have to demonstrate that your conduct in violating probation constitutes conduct prejudicial to the administration of justice. Disciplinary Rule 1–102(A)(5). We have no precedent to support such a conclusion.

Bar Counsel's letter to Respondent observed that the actions underlying the violation of probation occurred between November, 1990 and January, 1991. Bar Counsel opined that Rule 8.4(d) of the D.C.Rules of Professional Conduct, effective January 1, 1991, demands clear and convincing proof that the conduct "seriously interferes with the administration of justice." While Bar Counsel dismissed the matter, the Grievance Commission of Maryland began disciplinary proceedings since Respondent is a member of that Bar also. This resulted in a joint petition by Maryland Bar Counsel and Respondent to their appellate court. The Maryland Court of Appeals issued an order requiring the activities of Respondent to be monitored for two years by designated members of that State Bar covering both Respondent's practice and substance abuse.

In this posture, the probation violation before Judge Huhn of the Superior Court of the District of Columbia returned to our jurisdiction as a reciprocal discipline matter. On December 28, 1992, the District of Columbia Court of Appeals ordered Respondent to show cause why reciprocal discipline should not be imposed. D.C.Bar Rule XI § 11. Bar Counsel recommended dismissal to this Board, continuing to believe that Respondent's actions which resulted in his probation being revoked, did not violate any disciplinary rule in effect in the District of Columbia. We agree with Bar Counsel.

We believe that the recent precedent from the District of Columbia Court of Appeals demonstrates that DR 1–102(A)(5) (conduct prejudicial to the administration of justice) is inapplicable to the situation at hand.[2] This does not mean that we condone Respondent's behavior in any fashion. Rather, the Board feels obliged to say that the means employed to impose a monitor without a determination of misconduct would be improper.

On December 3, 1990, Judge Huhn found Respondent had violated his probation when he tested positive for a controlled substance. The probation was revoked and Respondent was ordered to serve six months. The task for the Board now is to decide whether a violation of Respondent's probation breaches the Code of Professional Responsibility. The

---

2. Moreover, it is unclear to the Board from a reading of the Joint Petition filed with the Maryland Court of Appeals by Respondent and the Maryland Bar Counsel if Respondent does, in fact, admit to any disciplinary violations. While it might be appropriate for all parties to acquiesce to a solution for a situation, there remains the need for any disciplinary system to find misconduct before discipline can be imposed. Make no mistake, monitoring the practice of any attorney—the agreed-to result of the Joint Petition—is discipline. Perhaps, the parties mutually understand what is the misconduct, or the authority for the action taken. It does, however, appear enigmatic on the issue of misconduct to the uninvolved reader.

Board's dissenting member believes such action by Respondent is misconduct violative of DR 1–102(A)(5) (conduct prejudicial to the administration of justice).

It is the Board's belief that this provision of the Code does not cover violations of probation. In the case of *In re Shorter,* 570 A.2d 760 (D.C.1990), the respondent was convicted of willful failure to file his income taxes over several years. The Board determined that these actions violated, among other things, DR 1–102(A)(5). Bar Counsel amended his petition to charge respondent with misconduct in that he "interfered with the government's functions of collecting taxes." Id. at 768. The respondent in Shorter challenged the determinations of this Board, arguing his actions (willful failure to file his taxes) did not taint nor interfere with the decision-making process of a tribunal, citing *In re Reback,* 487 A.2d 235, 239 (D.C.1985) (falsifying signature of client on divorce complaint) and *In re Keiler,* 380 A.2d 119, 125 (D.C.1977) (*Per Curiam* ) (failure to advise union representative that invited arbitrator was respondent's law partner)[3]. The Board's opinion agreed that the misconduct did not impact upon, nor taint, the decisions of any tribunal, but we went on to cite two prior decisions of this Board, each of which held that willful failure to file taxes violated DR 1–102(A)(5). The D.C.Court of Appeals reversed this Board's recommendation as to the violation of DR 1–102(A)(5) and said:

> ... [O]ur holdings in *Reback, supra,* and *Keiler, supra,* [are] to the effect that DR 1–102(A)(5) was drafted to protect the integrity of particular decisions and of the decision-making process, and thus was directed against an attorney's efforts to sub-

vert that process respecting a particular identifiable case or tribunal.

*In re Shorter,* supra, 570 A.2d at 768.

From this holding, the Board believes the violation of a court-imposed probation cannot be determined to be misconduct under DR 1–102(A)(5). Respondent's defaults while on probation cannot be said to impact upon any decision or decision-making process of the Superior Court. This Board, I am sure, expresses in the strongest possible terms our hesitancy to conclude that Respondent, when he retrogresses toward substance abuse, "is fit to be entrusted with professional ... matters ..." D.C.Court of Appeals Rule XI § 2(a).[4] Yet, this Board must focus upon the condition precedent (a determination of misconduct) before imposing discipline. Our conclusion about the inapplicability of DR 1–102(A)(5) is borne out by several cases decided after *Shorter.*

The rules of the D.C.Court of Appeals require every attorney to comply with the legitimate requests of Bar Counsel during investigations. D.C.Bar Rule XI § 8(a).[5] Violations of this provisions are properly prosecuted under DR 1–102(A)(5). *In re Greenspan,* 578 A.2d 1156 (D.C.1990) (violation of DR 1–102(A)(5) for failure to respond to Bar Counsel's inquiries regarding respondent's absence at scheduled meetings and inaction on information requests from the Superior Court Auditor–Master); *In re Delate,* 579 A.2d 1177 (D.C.1990) (failure to appear at a court hearing to be removed in a probate case and then no response to Bar Counsel's inquiries); *In re Lenoir,* 585 A.2d 771 (D.C.1991) (repeated failures to respond to any of Bar Counsel's legitimate requests for information); *In re Solomon,* 599 A.2d 799 (D.C.1991) (failure to honor promise of

---

**3.** "[T]he prohibition against 'conduct prejudicial to the administration of justice' bars not only those activities which may cause a tribunal to reach an incorrect decision, but also conduct which taints the decision making process." *In re Keiler,* supra, 380 A.2d at 125.

**4.** No one questions the competency or ability of Respondent to practice law and represent clients when he is not abusing narcotics. Nevertheless, Respondent will be monitored in Maryland both in the area of his practice and his abstinence from drugs.

**5.** This section reads:

> *Investigations.* All investigations, whether upon complaint or otherwise, shall be conducted by Bar Counsel. An attorney under investigation has an **obligation** to respond to Bar Counsel's written inquiries in the conduct of an investigation, subject to constitutional limitations. In the event of an attorney's failure to respond to such an inquiry, Bar Counsel may request the Board to enter an appropriate order (emphasis added).

restitution to client given to Bar Counsel as an integral part of the conduct of a disciplinary inquiry). The cited cases involve facts directly related to explicit Rules of the D.C.Court of Appeals governing the investigation of potential misconduct and obviously each situation impacts upon the decision-making (disciplinary) process of the Court. Respondent's failure to comply with the parameters of probation cannot be said to influence, effect or have a bearing upon a decision or the decision-making process of the court. Respondent's actions have surely been determined to be violative of a Court Order and for such he has been punished for contempt. Yet, Respondent's actions of testing positive for cocaine use cannot subvert any identifiable case or decision-making process as required by *Shorter*.

There are also two decisions subsequent to the *Shorter* opinion in which respondents' misconduct was directly in response to (or, more appropriately, failing to respond to) court orders in particular cases. *In re Solerwitz*, 575 A.2d 287 (D.C.1990) (reciprocal discipline case involving filing a series of frivolous appeals, repeatedly violating court orders, and consistently failing to follow appropriate procedural rules of the United States Court of Appeals for the Federal Circuit); *In re Robertson*, 608 A.2d 756 (D.C.1992) (reciprocal discipline case consisting of filing three appeals, failed to prosecute them or respond to the court's directives and inquiries about the cases, and failing to respond to a show cause order from the United States Court of Appeals for the Fourth Circuit). Each of these cases, like Respondent's situation, involves a violation of a court order. Yet, both Solerwitz and Robertson included actions which directly impacted upon the decision-making process. Solerwitz filed successive and almost identical appeals from administrative determinations, for different but similarly situated persons, despite precedent undermining the argument in each appeal, and in the face of procedural prohibitions to such

filings. Robertson did not even get his cases off the mark at the appellate level by failing to file briefs or respond to court orders regarding his delinquency. Respondent's violation of probation has none of the characteristics which "taint[ ] the decision-making process". *In re Keiler, supra,* 380 A.2d at 125.

From these cases recently decided by the D.C.Court of Appeals the Board has concluded that the violation of Respondent's probation does not impact upon the integrity of a decision, nor the decision-making process of the court and is, therefore, not within the ambit of DR 1–102(A)(5).

Our dissenting Board member also believes that Respondent's probation violation is additionally covered by Rule 8.4(d) of the D.C.Rules of Professional Conduct.[6] He correctly notes that comment 2 to the Rule says, in part, that this provision

"... includes conduct proscribed by the previous Code of Professional Responsibility under DR 1–102(A)(5) as 'prejudicial to the administration of justice.'" Therefore, the previous cases cited in this Report would seem to undermine the application of Rule 8.4(d). Moreover, the addition of the words *"seriously interferes"* would seem to stiffen the applicability of this section.

It should be recalled that the District of Columbia Bar Model Rules of Professional Conduct Committee, chaired by Robert E. Jordan, III assisted the D.C.Court of Appeals in the implementation of the Rules. Under the heading of "Explanation of Committee Revisions," the Bar Committee, in relation to Rule 8.4(d), opined:

The Committee modified paragraph (d) to prohibit conduct which "seriously interferes" with, rather than that which is "prejudicial" to, the administration of justice. The Committee felt that the term "prejudicial" was too vague for a rule defining professional conduct and thereby subjecting a lawyer to the disciplinary process ...

---

6. The subsection reads:

It is professional misconduct for a lawyer to:

\* \* \* \* \* \*

(d) Engage in conduct that seriously interferes with the administration of justice....

It would appear that the drafters of Rule 8.4(d) have clearly not set a diminished standard in comparison to the level of proof and the nature of misconduct encompassed by DR 1–102(A)(5). If DR 1–102(A)(5) does not apply to the violation of probation, then Respondent's actions are likewise not violative of Rule 8.4(d).

The reciprocal discipline case should be dismissed by the District of Columbia Court of Appeals.

THE BOARD ON PROFESSIONAL RESPONSIBILITY

By: —————————————

Francis D. Carter

Date: June 2, 1993

All members of the Board concur in this Report and Recommendation except Mr. McKay who dissents in a separate opinion and Mr. Howard who is recused.

### DISSENT OF JAMES C. MCKAY

I respectfully dissent from the report and recommendation of the majority of the Board on Professional Responsibility.

The issues before the Board are whether or not Respondent's admitted violation of Judge Huhn's probation order constituted conduct prejudicial to the administration of justice in contravention of DR 1–102(A)(5), and, if so, whether reciprocal discipline should be imposed.

The majority asserts that, in order to recommend discipline, the Board "must find there has been some misconduct in order for the system to impact upon respondent's ability to practice law." (Board Op. at 1) The majority further believes it is unclear that Respondent has admitted to any disciplinary violation (Id., fn. 5)

The violation of Judge Huhn's order clearly constituted misconduct. Moreover, Respondent acknowledged the violation in his Joint Petition, and agreed that his misconduct warranted the sanction imposed by the Court of Appeals of Maryland.

In my view the recent precedent of the D.C.Court of Appeals cited by the majority does not demonstrate that DR–1–102(A)(5) is inapplicable to Respondent's misconduct.

The majority principally relies on the following language in *In re Shorter,* 570 A.2d 760 (D.C.1990):

"... [O]ur holdings in *Reback, supra,* and *Keiler, supra,* [are] to the effect that DR–1–102(A)(5) was drafted to protect the integrity of particular decisions and of the decision-making process, and thus was directed against a particular identifiable case or tribunal." (570 A.2d at 768)

The particular decision and decision-making process entitled to protection in this matter were Judge Huhn's decision and order placing Respondent on probation. Respondent, by flouting that order, unquestionably subverted the decision-making process respecting a particular identifiable case and tribunal. In marked contrast, the conduct of the respondent in *Shorter* (willful failure to pay income taxes) was unrelated to any decision-making process or to any particular case or tribunal.

In all of the other cases cited by the majority, the respondents were found to have engaged in conduct prejudicial to the administration of justice. However, I fail to understand how those decisions support the proposition that Respondent's actions did not constitute such conduct.

The majority opinion asserts that it is the "Respondent's actions of testing positive to cocaine" that the Board must examine in order to determine whether or not there was a disciplinary violation. (*Id.* at 821) That statement overlooks the fact that such conduct violated Judge Huhn's probation order, requiring additional Court proceedings. It is that misconduct which, in my opinion, constituted a violation of DR–102(A)(5)

The comments to Rule 8.4(d), the successor provision to DR 1–102(A)(5), are useful guides which, in my view, lead to the correct answer to the question raised in this case. Comment 3 points out that the majority of the cases have arisen from a lawyer's failure to cooperate with Bar Counsel by not responding to inquiries or subpoenas, or failing to abide by agreements with Bar Counsel.

Other actions held by the District of Columbia Court of Appeals to be prejudicial to the administration of justice have included a lawyer's failure to appear in court for a

scheduled hearing; failure to obey court orders [comment 4]; failure to turn over assets of a conservatorship to the court or to the successor conservator; failure to keep the Bar advised of a change of address after being warned to do so; the giving of a worthless check in settlement of a claims against a lawyer [comment 5]; and failure to submit bank statements to the Auditor upon request. *Matter of Burka,* 423 A.2d 181 (D.C.1980).

In the light of those decisions, and bearing in mind the admonition in comment 5 that the rule "is to be interpreted flexibly, and include any improper behavior of an analogous nature" (emphasis added), it is my opinion that Respondent's disobedience of Judge Huhn's probation order constituted conduct prejudicial to the administration of justice, certainly at least as prejudicial as the failure of a lawyer to keep Bar Counsel informed of his address, or the giving of a worthless check in settlement of a claim against a lawyer.

Rule XI, § 11(c) requires that reciprocal discipline be imposed unless the attorney demonstrates by clear and convincing evidence that the case falls within one or more of five exceptions. That express requirement was emphasized recently by the District of Columbia Court of Appeals in *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Respondent made no effort to demonstrate that any of the five exceptions applies; in fact, Respondent conceded that he engaged in misconduct, and agreed to be sanctioned. In the light of that unambiguous requirement, I believe the Board is compelled to recommend imposition of reciprocal discipline in this matter.

For the reasons stated above, I dissent to the report and recommendation of the majority of the Board.

Respectfully submitted,

James C. McKay

June 2, 1993

Kate Blackwell Zumas joins in this dissent.