**In re David A. JONES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 95–BG–377, 95–BG–878.**

District of Columbia Court of Appeals.

Submitted Nov. 19, 1996.

Decided Dec. 12, 1996.

Before FERREN, STEADMAN and FARRELL, Associate Judges.

PER CURIAM:

On January 13, 1995, the Supreme Court of Pennsylvania suspended respondent David A. Jones for a period of one year and one day from practice in that jurisdiction.[1] The Board on Professional Responsibility has recommended that reciprocal discipline be imposed and that Jones be suspended from practice in the District of Columbia for one year and one day, reinstatement to be conditioned on a showing of fitness to practice law. Neither Jones nor Bar Counsel has filed an

---

1. Under Pennsylvania Disciplinary Rule 218, which is substantially the same as D.C. Bar R. XI § 16(d), Jones will be *required to* show that he is fit to practice law before being eligible for reinstatement in that jurisdiction. As a result of the Pennsylvania suspension, Jones was subsequently suspended from practice in Massachusetts and the United States District Court for the District of Maryland.

exception to the Board's Recommendation with us pursuant to D.C. Bar R. XI § 9(e).[2]

The Pennsylvania Supreme Court found that Jones had violated Pennsylvania DR 1–102(A)(4) & (A)(6) by making false statements to the Social Security Administration in connection with a proceeding where he was acting as an attorney.[3] Although the District of Columbia never adopted a counterpart to Pennsylvania DR 1–102(A)(6), Pennsylvania DR 1–102(A)(4) was identical to our DR 1–102(A)(4). However, the fact that we did not have a provision corresponding to Pennsylvania DR 1–102(A)(6) is not in the circumstances here an impediment to the imposition of reciprocal discipline, *see In re Youmans*, 588 A.2d 718, 719 (D.C.1991); we have previously imposed discipline by suspending for one year attorneys who made false statements to federal agencies in violation of DR 1–102(A)(4), *see In re Hutchinson*, 534 A.2d 919, 919–20 (D.C.1987) (en banc); *In re Thompson*, 538 A.2d 247, 247–48 (D.C.1987).

■ D.C. Bar R. XI, § 11(c) creates a rebuttable presumption that the discipline imposed in the original jurisdiction will be reciprocally imposed in the District of Columbia. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); *In re Velasquez*, 507 A.2d 145, 146–47 (D.C.1986). Here, especially in the absence of any exceptions to the Board's recommendation for reciprocal discipline, we are quite satisfied that reciprocal discipline should be imposed. *See In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995).

■ Accordingly, David A. Jones is suspended from the practice of law for a period of one year and one day, reinstatement to be conditioned upon proof of rehabilitation pursuant to D.C. Bar R. XI § 16. Since Jones did not file the affidavit required by D.C. Bar R. XI § 14(g) within the required ten days of our May 1, 1995 interim order of suspension, the suspension shall be retroactive to July 27,

1995, the date of his filing of the § 14(g) affidavit. *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).[4]

*So ordered.*

---

2. Jones did file a brief in opposition in this matter before the Board of Professional Responsibility.

3. At the time of Jones' conduct Pennsylvania DR 1–102(A)(4) prohibited conduct involving dishonesty, fraud, deceit or misrepresentation, and Pennsylvania DR 1–102(A)(6) prohibited conduct

adversely reflecting on an attorney's fitness to practice.

4. New D.C. Bar R. XI § 14(e) was added effective January 1, 1995, causing the former § 14(f) to become § 14(g). Accordingly, *Slosberg*'s reference to § 14(f) is to current § 14(g).