**In re David D. REYNOLDS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1058.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 2000.

Decided Dec. 14, 2000.

Before TERRY, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility, on the basis of findings by a Hearing Committee which the Board accepted, recommends that respondent be suspended from the practice of law in the District of Columbia for six months and be required to show fitness for reinstatement. The recommendation of discipline stems from conduct that resulted in respondent's misdemeanor convictions in the Commonwealth of Virginia for two counts of driving while intoxicated, one count of "hit and run," and one count of eluding a police officer. The Board concluded that respondent had violated Rule 8.4(b) of the District of Columbia Rules of Professional Conduct, which makes it professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." The Board further opined, although stating that "nothing turns on its resolution," that respondent had violated Rule 8.4(d), which prohibits a lawyer from "[e]ngag[ing] in conduct that seriously interferes with the administration of justice." The Board stated that it "would recommend the same sanction in any event, based solely on the Rule 8.4(b) violation," noting that the issue of whether respondent had also violated Rule 8.4(d) was "one of first impression" in this jurisdiction.

Neither respondent nor Bar Counsel has filed exceptions to the Board's report and recommendation. In these circumstances, "[t]he deferential standard mandated by [D.C. Bar R. XI, § 9(g)] becomes even more deferential." *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). We agree with the Board that consideration of whether respondent's conduct violated Rule 8.4(d) is unnecessary to the imposition of discipline, because, for the reasons the Board stated, his actions were misconduct within the meaning of Rule 8.4(b) and fully justify the sanction recommended by the Board.

Although respondent's conduct resulted in criminal convictions, the Board and the Hearing Committee both found that it was not characterized by moral turpitude so as

to implicate D.C.Code § 11-2503(a) (1995) (requiring disbarment upon conviction of a crime involving moral turpitude).[1] Especially given Bar Counsel's acquiescence in that finding, we accept it for purposes of our decision, and without further discussion of the point. Nevertheless, the Board concluded that respondent's "conduct underlying [the convictions] ... reflected adversely on his 'fitness as a lawyer,' especially when viewed in conjunction with his lengthy prior record of convictions for driving while intoxicated and violation of probation, which led to a prior incarceration."[2] Quoting the Hearing Committee with approval, the Board stated:

> Here ... we are not faced with a single incident, but an extended pattern of alcohol abuse over more than a decade. Respondent acknowledges the "potentially harmful effects his addiction [to alcohol] could have on his ability to provide the legal advice to the best of his ability" and that he "has been very fortunate, both on the highways and during legal representation, that a serious medical, financial or business [harm] has not resulted." While, as Respondent points out, Respondent's abuse of alcohol has not yet prompted a client to complain to Bar Counsel, it would be inappropriate to ignore the pattern of Respondent's inability to comply with his responsibilities under the law and the implications of that persistent failure for his fitness as an attorney. [Citation omitted.]

Further, as the Hearing Committee had reasoned:

> Respondent was found guilty of two counts of driving while intoxicated, a hit and run and eluding [apprehension]. In the context of four prior DWI's, these convictions clearly show a pattern of criminal acts that reflect adversely on Respondent's fitness as a lawyer. An

attorney may violate Rule 8.4(b) outside the context of an attorney-client relationship. *In re Gil,* 656 A.2d 303 (D.C. 1995). In this case, moreover, the crimes were not completely divorced, as Respondent has suggested, from his duties to the Courts. The October 1996 DWI was committed in violation of the terms of court-ordered probation: Respondent failed to complete a mandated alcohol program; he appears to have evaded the requirement that he only drive to and from work (unless we are to assume that he drove to perform his work as an attorney while intoxicated, or became intoxicated while at work as an attorney); and he rented a car, presumably while sober, in order to evade the requirement that he only drive a car with an interlock ignition device. Respondent's false statements to probation officers and his continuing insistence to the Hearing Committee that he was sober when arrested in September 1997 in the face of overwhelming evidence to the contrary also bespeak a lack of fitness to practice law until his addiction is under control.

We agree with that conclusion. As was pointed out in *In re Reynolds,* 649 A.2d 818 (D.C.1994), Rule 8.4(b) omits the former qualifier

> "moral turpitude" on illegal conduct that adversely affects a lawyer's fitness to practice law and thus subjects him to discipline. The focus now, as the Comment to the rule explains, is on whether the offense "indicate[s] lack of those characteristics relevant to law practice," and "[a] pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation."

---

1. Since respondent's convictions were for misdemeanors, they did not involve moral turpitude *per se. In re McBride,* 602 A.2d 626, 632–33 (D.C.1992) (en banc).

2. The Virginia pre-sentence report prepared in connection with respondent's most recent convictions identified previous DWI convictions in 1984, 1987, 1991, and 1995. A fifth DWI charge had been dismissed the day after his 1995 conviction.

*Id.* at 819 (concurring opinion of Farrell, J., joined by Terry, J.).

Accordingly, respondent is suspended from the practice of law in the District of Columbia for six months, *nunc pro tunc* to June 28, 1999,[3] and will be required to show fitness as a condition of reinstatement. The accompanying reciprocal matter (Bar Docket No. 238–99), initiated after the Hearing Committee had conducted its independent analysis in this case, is dismissed. *See In re Perrin,* 663 A.2d 517, 523 (D.C.1995).

*So ordered.*

3. A previous order of this court determined that this was the effective date of respondent's filing of the affidavit required by D.C. Bar R. XI, § 14(g).