**In re David A. JONES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1291.**

District of Columbia Court of Appeals.

Submitted April 28, 2006.

Decided May 4, 2006.

Before GLICKMAN and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

Respondent David A. Jones was disbarred by the Supreme Court of Pennsylvania for violating Pennsylvania Rules of Professional Conduct 3.1 (making unmeritorious claims and contentions), 3.3(a)(1) (knowingly making false statements to a tribunal), 8.4(c) (dishonesty), and 8.4(d) (misconduct prejudicial to the administration of justice). *See Office of Disciplinary Counsel v. Jones*, 541 Pa. 622, 664 A.2d 1355 (1995). In agreement with Bar Counsel, the Board on Professional Responsibility recommends that identical reciprocal discipline be imposed on respondent in this jurisdiction.[1] Although respondent defended himself before the Board, he has taken no exception to the Board's recommendation.

In accordance with D.C. Bar R. XI, § 11(f), we follow the Board's recommen-

dation. *See In re Zdravkovich*, 831 A.2d 964, 968–69 (D.C.2003); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Accordingly, it is

ORDERED that respondent David A. Jones is disbarred from the practice of law in the District of Columbia. For the purpose of any reinstatement petition that he may file, respondent's disbarment shall run from November 8, 1999, the date he filed an affidavit in compliance with D.C. Bar R. XI, § 14(g).

*So Ordered.*

---

1. As a result of other, unrelated misconduct, respondent has been suspended from the practice of law in the District of Columbia with a fitness requirement since 1996. *See In re Jones*, 686 A.2d 560, 561 (D.C.1996). He did not notify Bar Counsel of his 1995 disbarment in Pennsylvania, as D.C. Bar R. XI, § 11(b) required him to do. Bar Counsel first learned of the Pennsylvania disbarment four years later, after the Massachusetts Office of Bar Counsel reported that respondent was reciprocally disbarred in that State. This court then suspended respondent in this matter on an interim basis pending receipt of the Board's recommendation. *See* D.C. Bar R. XI, § 11(d).