**In re Thomas J. COLEMAN, III, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 430126).**

**No. 06–BG–375.**

District of Columbia Court of Appeals.

Submitted March 13, 2007.

Decided March 29, 2007.

Before GLICKMAN and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The respondent, Thomas J. Coleman, III, was admitted to the Pennsylvania Bar in 1990, but was transferred to inactive status by the Pennsylvania Supreme Court on November 22, 1993, after he had failed to file the registration statement required by that court or pay his annual bar dues. On June 17, 1994, the Pennsylvania Supreme Court issued a second order transferring respondent to inactive status based on his failure to comply with its Continuing Legal Education ("CLE") requirements. Respondent was notified at his New Jersey law firm of both actions and copies of the orders were sent to him there.

In 1995 and 1996 respondent was sent annual attorney fees forms which noted his inactive status. In each case, he complet-

ed the form, indicating his desire to regain active status, and returned it with the requisite fee. But both times his fee was refunded and respondent advised that since the Pennsylvania CLE Board had not certified his compliance with the CLE rules he would remain an inactive member of the Pennsylvania Bar. In 1997, respondent was again sent the annual forms, but this time he indicated he wished to voluntarily assume inactive status and discontinue practicing law in Pennsylvania. In 1999, respondent petitioned for reinstatement but his request was denied, again because he had not completed the necessary CLE courses.

In November 2001 respondent entered into an agreement with a New Jersey attorney, who is not licensed in Pennsylvania, to assist that attorney with his firm's Pennsylvania foreclosure and bankruptcy cases. Specifically, respondent held himself out as a member of the Pennsylvania Bar and agreed to sign pleadings filed in Pennsylvania on behalf of the New Jersey attorney's clients. In return, respondent was to be paid $15.00 to $25.00 for each filing, and between January and October 2002 received approximately $7,000 for signing hundreds of such pleadings. Respondent had not been reinstated to the Pennsylvania Bar during this time, but the New Jersey attorney believed respondent's representations that he was a member in good standing of that bar and added respondent's name to his firm letterhead as, "Of Counsel, Thomas J. Coleman, III, Esquire, Licensed Pennsylvania Attorney."

During this same period, in June 2002, respondent's deception came to light after a motion to strike one of the complaints he had signed was filed based on the fact that respondent was not licensed in Pennsylvania. The New Jersey attorney confronted respondent, but respondent assured him he was authorized to sign pleadings in Pennsylvania and said only that he had a deficiency in his CLE credits. This was incorrect but respondent continued to sign pleadings in Pennsylvania filings and did not withdraw his appearance in any Pennsylvania case where he was attorney of record until September 2002, after the Pennsylvania Office of Disciplinary Counsel had made allegations of misconduct.

These allegations of misconduct eventually led to a hearing, and respondent was found to have violated a number of the Pennsylvania Rules of Professional Conduct and Rules of Disciplinary Enforcement.[1] Over a dissent by two of its members regarding the length of the proposed sanction, the Pennsylvania Supreme Court's Disciplinary Board recommended that court suspend respondent for one year and a day. On April 19, 2005, the Pennsylvania Supreme Court accepted that recommendation, and the dissent's argument regarding the insufficiency of the sanction, and issued an order suspending respondent for two years. Respondent did not report this discipline as required by D.C. Bar R. XI, § 11(b); however, Bar Counsel did inform this court,[2] and on May 3, 2006, we issued an order suspending

---

1. Specifically, Pa. R. Prof. Cond. 1.16(a)(1) (representation of client that will result in violation of the Rules); 5.5(b) (unauthorized practice of law); 7.1(a) (misleading communication about the lawyer or his services); 7.5(a) (improper firm letterhead or professional designation); 7.5(b) (designation of jurisdictional limitations to practice); 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); 8.4(d) (conduct prejudicial to the administration of justice), and

Pa. R. Disc. Enf. 217(d) (practice of law while on inactive status); 217(j) (formerly admitted attorney engaging in law-related activities or holding self out as a lawyer).

2. Bar Counsel's notice informed us that respondent has been suspended by the New Jersey Supreme Court as well, but that sanction was later vacated and replaced by a reprimand.

respondent on an interim basis.[3] We also referred the matter to the Board on Professional Responsibility ("Board") with directions that it recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or to state whether it would elect to proceed *de novo* under D.C. Bar R. XI, § 11.

On September 19, 2006, the Board submitted its recommendation that we impose the identical reciprocal discipline of a two-year suspension with the further requirement that respondent prove his fitness to practice as a condition of reinstatement.[4] The Board further proposes that the period of suspension not be deemed to commence for the purposes of reinstatement until respondent files the affidavit required by D.C. Bar R. XI, § 14(g). Bar Counsel has notified us that he takes no exception to the Board's Report and Recommendation, and respondent has not filed any exceptions.

Given this lack of exception, the Board's recommendation is entitled to great deference. D.C. Bar R. XI § , 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Moreover, our rules contain a rebuttable presumption that favors the nearly automatic imposition of identical reciprocal discipline in such cases. *See* D.C. Bar R. XI, § 11(f); *In re Zilberberg*, 612 A.2d 832 (D.C.1992). The Board found that the Pennsylvania rules violated by the respondent are substantially the same as our Rules of Professional Conduct,[5] D.C. Bar R. XI, § 2, and D.C.App. R. 49, and that his misconduct in Pennsylvania would have constituted misconduct here. We

agree with that conclusion and with the Board's recommendation accordingly, it is

**ORDERED** that Thomas J. Coleman, III, be suspended from the practice of law in the District of Columbia for the period of two years with reinstatement in this jurisdiction conditioned upon respondent providing proof of his fitness to practice law. Moreover, for the purpose of seeking reinstatement to the Bar, respondent's suspension shall not begin until he complies with the affidavit requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*

---

3. Respondent had already been administratively suspended in this jurisdiction since November 30, 1992, for non-payment of dues.

4. In Pennsylvania, after any suspension longer than one year the suspended attorney must demonstrate "the moral qualification, competency and learning in law required for admission to practice law" as a condition of rein-

statement under Pa. R. Disc. Enf. 218(c)(3)(I), and we have said this is substantially the same as the "fitness requirement" in our Rule XI, § 16(d). *In re Jones*, 686 A.2d 560 n. 1 (D.C.1996).

5. Specifically, Rules 1.16(a), 5.5(a), 7.1(a), 7.5(a), 7.5(b), 8.4(c), 8.4(d),