**In re Kimberly A. NEEB, Respondent.**

**Bar Registration No. 449075.**

**No. 08–BG–1298.**

District of Columbia Court of Appeals.

Jan. 22, 2009.

Before KRAMER, Associate Judge, BELSON and STEADMAN, Senior Judges.

### ORDER

PER CURIAM.

On further consideration of the certified copy of the order issued by the Supreme Court of Pennsylvania suspending respondent by consent for one year and one day coupled with a fitness requirement, *See Office of Disciplinary Counsel v. Kimberly Neeb,* no.1149 Disciplinary Docket No. 3 October 13, 2006, this court's November 12, 2008, order suspending respondent from the practice of law pending final disposition by this court, the December 17, 2008, Statement Regarding Reciprocal Discipline from Bar Counsel recommending a one year and one day suspension with a fitness requirement, and there appearing to be no exceptions or oppositions to the recommendation, and it further appearing that respondent has failed to file the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Kimberly A. Neeb, be and hereby is suspended for a one year and one day period and for purposes of reinstatement she must satisfy a fitness requirement. Respondent's suspension is deemed to commence for purposes of reinstatement upon the filing of an affidavit required by D.C. Bar R. XI, § 14(g). *See In re Reynolds,* 763 A.2d 713 (D.C.2000) (six-month suspension for multiple misdemeanor alcohol related traffic offenses in Virginia). *In re Coleman,* 919 A.2d 1135, 1137, n. 4 (D.C.2007) ("In Pennsylvania, after any suspension longer than one year the suspended attorney must demonstrate "the moral qualification, competency and learning in law required for admission to practice law" as a condition of reinstatement under Pa. R. Disc. Enf. 218(c)(3)(I), and we have said this is substantially the same as the "fitness requirement" in our Rule XI, § 16(d)."); *In re Powell,* 860 A.2d 836, 837 (D.C.2004) (Because District of Columbia attorneys are obligated to notify the Secretary of the Bar of any change of address within 30 days of such change, the Board properly concluded that respondent was deemed to have sufficient notice of the proceeding); *In re Sumner,* 762 A.2d 528 (D.C.2000) (In uncontested reciprocal discipline cases, absent a finding of grave injustice, this court will impose identical reciprocal discipline).